FILED
U.S. DI T QURT
S/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION                 -9

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) **INDICTMENT NO C R 1 0 3 - 0 3** |
|  | ) |
|  | ) VIO: 18 U.S.C. § 371 |
| v. | ) Conspiracy (Count 1) |
|  | ) |
|  | ) 18 U.S.C. 924(a)(1)(A) |
| ALPHONZO D. DANTIGNAC, | ) Making False Statements |
| ANDREA SIMMONS, | ) in the Acquisition of |
| QUAFORD M. WALTON, and | ) Firearms (Counts 2-6) |
| REGINALD WEST | ) |
|  | ) 18 U.S.C. § 922(a)(5) |
| Defendants. | ) Non-Dealer Transferring |
|  | ) Firearms to Non-Resident |
|  | ) (Counts 7-11) |
|  | ) |
|  | ) 18 U.S.C. § 2 |
|  | ) Aiding and Abetting |

**COUNT ONE**        *Case No. 05-PT-332-TFH*
(Conspiracy)

**THE GRAND JURY CHARGES THAT:**

Beginning on or about August 2002, and prior thereto, and
continuing thereafter until on or about September 2002, the exact
beginning and ending dates being unknown to the Grand Jury, in
Richmond County, within the Southern District of Georgia, and
elsewhere, the defendants herein:

> **ALPHONZO D. DANTIGNAC,**
> **ANDREA SIMMONS,**
> **QUAFORD M. WALTON, and**
> **REGINALD WEST**,

did knowingly and willfully combine, conspire, confederate, and
agree with each other, and with other persons both known and
unknown to this Grand Jury, to commit offenses against the United

ATTEST: A TRUE COPY
9/30     , 2005
L. Flanders
Deputy Clerk       /,

RECEIVED

⌐ 7 - 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


States, that is: Making False Statements in the Acquisition of Firearms, in violation of Title 18, United States Code, Section 924 (a)(1)(A), and Transferring of Firearms by a Non-Dealer to a Non-Resident, in violation of Title 18, United States Code, Section 922(a)(5), all done in violation of Title 18, United States Code, Section 371.

### OBJECTS OF THE CONSPIRACY

The purpose or object of the conspiracy was to acquire relatively cheap handguns in Georgia and then to transport the handguns to Washington, District of Columbia, for resale.

### MANNER AND MEANS

The means by which this conspiracy was carried out included the following:

a.    Because handguns were more difficult to obtain and more expensive to purchase in the District of Columbia than in Georgia, the conspirators agreed that Defendants SIMMONS, WALTON, and WEST, alone and with the assistance of others, would purchase handguns at various pawn shops in Georgia, with money provided to them by DANTIGNAC, and then would transfer those handguns to DANTIGNAC, a non-resident of Georgia; DANTIGNAC would then transport those handguns to Washington, District of Columbia, for resale.

b.    At various times, Defendant DANTIGNAC agreed with Defendant SIMMONS, that SIMMONS would act as a "straw purchaser" on DANTIGNAC's behalf, and falsely represent on firearms transaction

2

forms (Form 4473), in connection with each purchase, that she was the actual firearm purchaser, when, in truth and in fact, and as she and DANTIGNAC well knew at the time, SIMMONS was not the actual buyer of said firearms; in fact, she purchased the handguns for DANTIGNAC, a non-resident of Georgia.

    c.    At various times, Defendant DANTIGNAC agreed with Defendant WALTON, that WALTON would act as a "straw purchaser" on DANTIGNAC's behalf, and falsely represent on firearms transaction forms (Form 4473), in connection with each purchase, that he was the actual firearm purchaser, when, in truth and in fact, and as he and DANTIGNAC well knew at the time, WALTON was not the actual buyer of said firearms; in fact, he purchased the handguns for DANTIGNAC, a non-resident of Georgia.

    d.    At various times, Defendant DANTIGNAC agreed with Defendant WEST, that WEST would act as a "straw purchaser" on DANTIGNAC's behalf, and falsely represent on firearms transaction forms (Form 4473), in connection with each purchase, that he was the actual firearm purchaser, when, in truth and in fact, and as he and DANTIGNAC well knew at the time, WEST was not the actual buyer of said firearms; in fact, he purchased the handguns for DANTIGNAC, a non-resident of Georgia.

    e.    After the guns were purchased on his behalf, Defendant DANTIGNAC would transport the handguns to Washington, District of Columbia, where the handguns were sold on the streets for a profit.

3

f.    At various times, in an effort to avoid detection by law enforcement agents, Defendant DANTIGNAC would instruct Defendants SIMMONS, WALTON, and WEST to report as stolen the guns that each defendant had purchased on DANTIGNAC's behalf.

### OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects thereof, the defendants herein performed in the Southern District of Georgia, and elsewhere, the following overt acts, among others, as alleged in Counts Two through Eleven of this Indictment.

All done in violation of Title 18, United States Code, Sections 371.

### COUNTS TWO THROUGH SIX
(Making False Statements in the Acquisition of Firearms)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about each of the following dates, in Richmond County, within the Southern District of Georgia, and elsewhere, the defendants herein:

> **ALPHONZO D. DANTIGNAC,**
> **ANDREA SIMMONS,**
> **QUAFORD M. WALTON, and**
> **REGINALD WEST,**

aided and abetted by each other and by other persons both known and unknown to this Grand Jury, knowingly made false statements and representations with respect to the information required to be kept in the records of the following stated persons, (the businesses below), which were licensed under the federal firearms statutes,

4

set forth within Chapter 44, Title 18, United States Code, in that the defendants falsely represented in a firearms transaction record, (Form 4473), that said defendant was the actual buyer of said firearms; whereas, in truth and in fact, and as the defendants well knew at the time, Defendant DANTIGNAC was the actual buyer of said firearms; done in violation of Title 18, United States Code, Section 924(a)(1)(A), and Section 2.    Each of the foregoing allegations is hereby incorporated into each of the following counts as if fully set forth therein.

| COUNT | DEFENDANT | DATE | STORE | FIREARMS PURCHASED |
|-------|-----------|------|-------|--------------------|
| 2 | WALTON | 08/22/02 | Fleming Pawn Shop, Augusta, GA | One Lorcin, .380 caliber pistol, S.N. 428636 |
| 3 | WEST | 08/22/02 | Mo Money Jewelry and Pawn, Augusta, GA | One Lorcin, model 380, .380 caliber pistol, S.N. 119257<br><br>One Raven, model MP25, .25 acp caliber pistol, S.N. 1817084 |
| 4 | SIMMONS | 09/07/02 | A-1 Jewelry & Pawn #4, Augusta, GA | One Bryco, 9mm pistol, S.N. 138424 |
| 5 | WALTON | 09/13/02 | A-1 Jewelry & Pawn #4, Augusta, GA | One Jennings, Model 9, 9mm pistol, S.N. 1511064,<br><br>One Jennings, Model 9, 9mm pistol, S.N. 1536817 |

| COUNT | DEFENDANT | DATE | STORE | FIREARMS PURCHASED |
|-------|-----------|------|-------|--------------------|
| 6 | WEST | 09/13/02 | A-1 Jewelry & Pawn, Augusta, GA | One Highpoint, model C9, 9mm pistol, S.N. P221081 |
| | | | | One Highpoint, model C9, 9mm pistol, S.N. P221080 |

All done in violation of Title 18, United States Code, Section 924(a)(1)(A), and Section 2.

### COUNTS SEVEN THROUGH ELEVEN
(Non-Dealer Transferring Firearms to a Non-Resident)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about each of the following dates, in Richmond County, within the Southern District of Georgia, and elsewhere, the defendants herein:

**ALPHONZO D. DANTIGNAC,
ANDREA SIMMONS,
QUAFORD M. WALTON, and
REGINALD WEST,**

not being licensed importers, manufacturers, dealers, and collectors of firearms, aided and abetted by each other and by other persons both known and unknown to this Grand Jury, willfully transferred, gave, transported, and delivered the following stated firearms to Defendant DANTIGNAC, who the defendants SIMMONS, WALTON, and WEST knew did not live in the State of Georgia, but resided in the District of Columbia; done in violation of Title 18,

6

United States Code, Sections 922(a)(5), 924(a)(1)(D), and Section 2. Each of the foregoing allegations is hereby incorporated into each of the following counts as if fully set forth therein.

| COUNT | DEFENDANT | DATE | FIREARMS |
|-------|-----------|------|----------|
| 7 | WALTON | 08/22/02 | One Lorcin, .380 caliber pistol, S.N. 428636 |
| 8 | WEST | 08/22/02 | One Lorcin, model 380, .380 caliber pistol, S.N. 119257<br><br>One Raven, model MP25, .25 acp caliber pistol, S.N. 1817084 |
| 9 | SIMMONS | 09/07/02 | One Bryco, 9mm pistol, S.N. 138424 |
| 10 | WALTON | 09/13/02 | One Jennings, Model 9, 9mm pistol, S.N. 1511064,<br><br>One Jennings, Model 9, 9mm pistol, S.N. 1536817 |
| 11 | WEST | 09/13/02 | One Highpoint, model C9, 9mm pistol, S.N. P221081<br><br>One Highpoint, model C9, 9mm pistol, S.N. P221080 |

7

Done in violation of Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D), and Section 2.

A TRUE BILL.

_____
FOREPERSON

_____
RICHARD S. THOMPSON
UNITED STATES ATTORNEY

_____
Richard H. Goolsby
Assistant United States Attorney
Augusta Branch Office Chief

_____
Nancy C. Greenwood
Assistant United States Attorney

8

FILED
U.S. DISTRICT COURT
S/W. ... \H.^

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

??? JAN -9 AM 11 3N

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT N CR103 03** |
| | |
| v. | VIO: 18 U.S.C. § 371<br>Conspiracy (Count 1) |
| | |
| ALPHONZO D. DANTIGNAC,<br>ANDREA SIMMONS,<br>QUAFORD M. WALTON, and<br>REGINALD WEST | 18 U.S.C. 924(a)(1)(A)<br>Making False Statements<br>in the Acquisition of<br>Firearms (Counts 2-6) |
| Defendants. | 18 U.S.C. § 922(a)(5)<br>Non-Dealer Transferring<br>Firearms to Non-Resident<br>(Counts 7-11) |
| | 18 U.S.C. § 2<br>Aiding and Abetting |

**PENALTY CERTIFICATION**

The undersigned Assistant United States Attorney hereby certifies that the maximum penalties for each of the offenses charged in the indictment are as follows:

**COUNTS ONE THROUGH ELEVEN:**

**COUNT 1**     CONSPIRACY, 18 U.S.C. § 371

**COUNTS 2-6**   MAKING FALSE STATEMENTS IN THE ACQUISITION OF FIREARMS, 18 U.S.C. § 924(a)(1)(A)

**COUNTS 7-11**  TRANSFERRING FIREARMS TO NONRESIDENT, 18 U.S.C. § 922(a)(5)

NOT MORE THAN FIVE (5) YEARS IMPRISONMENT; A FINE OF NOT MORE THAN $250,000; A TERM OF SUPERVISED RELEASE OF NOT MORE THAN THREE (3) YEARS; AND A $100 SPECIAL ASSESSMENT. (Each Count)

ATTEST: A TRUE COPY
9/30 ..., 20 05
L. Jeandires
Deputy Clerk

2.

Respectfully submitted, this _Srk_ day of January, 2003.

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

Nancy C. Greenwood
Assistant United States Attorney
Georgia Bar No. 309179

2